IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN MANN ANDERSON,

                Plaintiff,

v.                                                   OPINION and ORDER

CHRISTOPHER EWERDT, KYLE TRITT,               23-cv-233-jdp
RANDALL HEPP, and CHARLES YORK,

                Defendants.

---

      Plaintiff John Mann Anderson, appearing without counsel, is a prisoner at Waupun Correctional Institution (WCI). Anderson alleges that WCI staff failed to return legal mail without a legitimate reason for doing so, even after he won grievances about the issue. I granted Anderson leave to proceed on First Amendment mail-confiscation and access-to-the-courts claims against several WCI officials. Dkt. 7. I dismissed Anderson's proposed defendant Wisconsin Department of Corrections (DOC) from the case. *Id.*

      After my screening order, defendants filed a motion to dismiss the case or to transfer it to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1406(a). Dkt. 11. Based on defendants' submissions, I agree that this court is not a proper venue for this lawsuit, at least as currently constructed—the events in question took place at WCI, which is in the Eastern District, and the current defendants all reside in the Eastern District. *See* 28 U.S.C. § 1391(b).

      Anderson opposes transfer and has countered by filing a motion for reconsideration of my screening order, Dkt. 18, and a proposed amended complaint, Dkt. 17. Anderson's goal with both of those filings is to add the DOC back into the case, which would provide a defendant that "resides" in this district. But because I will deny his motion for reconsideration

and because his proposed amended complaint fails to state viable claims for relief against the DOC, I conclude that transfer to the Eastern District is appropriate.

In my order screening Anderson's complaint, I inferred that Anderson sought to bring a claim against the DOC or its officials under the theory of liability recognized in *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978), for a policy or custom that caused the deprivations at issue here. Dkt. 7, at 3–4. I concluded that his conclusory allegations failed to state such a claim. *Id.*

In his motion for reconsideration, Anderson states that I was incorrect that he wished to proceed on a *Monell* claim and that he contends instead that the DOC was personally involved in the constitutional violations by being made aware that property-department staff were violating his rights yet did nothing to intervene. But Anderson cannot bring a constitutional claim directly against the DOC: the state and its agencies are not persons that can be sued for constitutional violations in a lawsuit like this one brought under 28 U.S.C. § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65–66 (1989). So I will deny Anderson's motion for reconsideration.

Anderson's proposed amended complaint suffers from similar problems. He attempts to bring both constitutional claims and Wisconsin-law negligence claims against the DOC as well as the individual defendants. I've already explained that he can't bring a constitutional claim against the DOC. And the Wisconsin Supreme Court has held that the DOC is protected from state-law negligence claims under the doctrine of sovereign immunity. *Mayhugh v. State*, 2015 WI 77, ¶ 3, 364 Wis. 2d 208, 867 N.W.2d 754. Anderson can't bring negligence claims against the individual defendants either, because he doesn't allege that he filed a notice of claim, as required by Wis. Stat. § 893.82. *See Weinberger v. State*, 105 F.3d 1182, 1188 (7th

2

Cir. 1997). Because Anderson's proposed amended complaint adds no viable claims, the original compliant remains his operative pleading.

That leaves the lawsuit with claims about events at WCI against defendants who reside in the Eastern District. Under those circumstances, I must grant defendants' motion. Section 1406(a) allows me to dismiss the case, or to transfer it "if it be in the interest of justice." I conclude that it is appropriate to transfer this case to the Eastern District. Anderson should be aware that the schedule previously set in this court is void, and the Eastern District will decide how to proceed.

One final point. The court recently held a preliminary pretrial conference in another of Anderson's cases, No. 23-cv-366-jdp, at which Anderson stated that he is experiencing vision impairment that hampers his ability to work on his pending lawsuits. *See* Dkt. 22. In response to Anderson's request to stay this case, the court told him to file a letter explaining his circumstances. *Id.* Anderson should now direct any such letter or motion to stay proceedings in this case to the Eastern District.

ORDER

IT IS ORDERED that:

1. Plaintiff John Mann Anderson's motion for reconsideration, Dkt. 18, is DENIED.
2. Plaintiff's motion to amend his complaint, Dkt. 16, is DENIED.

3. Defendants' motion to dismiss or transfer the case for improper venue, Dkt. 11, is GRANTED in part.

4. This case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

Entered January 10, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge